Amparo CARDENAS, Plaintiff,

v.

William French SMITH, Defendant.

Civ. A. No. 82–1952.

United States District Court,
District of Columbia.

Nov. 17, 1982.

540

Charles Emmet Lucey, Charles R. Work, Washington, D.C., Edgar Miller, Miami, Fla., for plaintiff.

Rebecca L. Ross, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This is an action against the Attorney General in his official capacity for declaratory judgment, injunction and damages.

Plaintiff alleges that funds belonging to her were frozen by the Swiss Government as a result of information supplied the Swiss under the Treaty between the United States and the Swiss Confederation relating to Mutual Assistance in Criminal Matters. Plaintiff, a nonresident alien, is a citizen of Colombia. She apparently is related to one Gabriel Alonso Cardenas-Arismendy, who stands charged in the United States District Court for the Southern District of Florida with distribution and conspiracy to import 60 pounds of cocaine.

Plaintiff filed interrogatories seeking information and numerous documents and defendant countered with a motion for a protective order. Plaintiff was granted a 30-day extension to respond to defendant's motions and responded by filing a motion for leave to file a first amended complaint while pressing her claim for discovery. Plaintiff also presented information suggesting that defendant's inquiries of the Swiss concerning plaintiff had led to freezing of her assets in Switzerland.

Defendant has moved to dismiss and for summary judgment submitting an affidavit from the Director of the Office of International Affairs, Criminal Division, United States Department of Justice, who advised that pursuant to the Treaty he requested information concerning bank accounts not of plaintiff but of Gabriel Alonso Cardenas-Arismendy. The affidavit goes on to recite,

> our request contained the additional suggestion that any assets located as a result of our request be frozen under Swiss law until such time as a Swiss court could determine whether, in accordance with Swiss law, the assets should be forfeited to the Swiss Canton in which they were located . . . .

Assets in excess of $5,000,000 were located and the United States was advised by the Swiss authorities that plaintiff was a cosigner on one of Gabriel Cardenas-Arismendy's Swiss accounts.

■ Whether defendant inquired of the Swiss about plaintiff directly or about Gabriel Alonso Cardenas-Arismendy is irrelevant to the disposition of this case. Plaintiff's claim is based on alleged violations of due process and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* This Court has no basis for attempting to apply constitutional standards on behalf of a nonresident alien with respect to a res which is not subject to the Court's control. *Kukatush Mining Corp. v. SEC,* 309 F.2d 647 (D.C.Cir. 1962). The res at issue here is the Swiss account in Switzerland. The Court can take no action that would affect the status of the frozen accounts belonging to plaintiff and damages are precluded absent compliance with the Federal Tort Claims Act. Such compliance is not alleged.

■ As to plaintiff's claims under the Administrative Procedure Act, the Treaty

between the United States and the Swiss specifically precludes judicial review when a Swiss account is frozen, except a review under Swiss law in Switzerland. It creates no other private right of action and no right for a nonresident alien to sue in the United States can be implied. Since the Treaty precludes judicial review in this country, plaintiff cannot invoke the Administrative Procedure Act in light of 5 U.S.C. § 701(a)(1).

The complaint must thus be dismissed on legal grounds. No material fact is disputed. Plaintiff has presented no substantial basis for questioning the accuracy of defendant's supporting affidavit, and more importantly, this is not the forum in which this plaintiff can obtain a review of the actions taken by the Swiss Government. That is true regardless of whether the Attorney General's request involved plaintiff directly, as plaintiff alleges, or only indirectly, as the Attorney General states. Further discovery would serve no purpose and would intrude into privileged areas. The defendant's motion for a protective order is granted against plaintiff's attempted wide-ranging discovery and the amended complaint, which simply restates the basic claim, is allowed to be filed and is dismissed as failing to state a claim on which relief can be granted.